**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rhonda Stamp, | No. CV-20-02155-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff Rhonda Stamp challenges the Social Security Administration's ("SSA") determination that she does not qualify for disability insurance benefits or supplemental income. Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that determination. The Court has reviewed the briefs (Doc. 18, "Pl. Br.", Doc. 19, "Def. Br." and Doc. 20, "Reply") and the Administrative Record (Doc. 15, "R"). Plaintiff has also filed a motion for records. (Doc. 21.) The Court affirms the administrative law judge's ("ALJ") denial of Plaintiff's benefits application and denies Plaintiff's motion for records.

**I.    BACKGROUND**

Plaintiff applied for disability insurance benefits on September 22, 2017, and supplemental income on November 15, 2017. (R. 18.) Plaintiff previously applied for disability insurance benefits and supplemental income but was denied in May 2016. (*Id.*) On her second application, Plaintiff appeared before the ALJ for a hearing on January 17, 2020. (R. 15-3.) On May 12, 2020, the ALJ issued a decision denying Plaintiff's claim. (R. 16.)

The ALJ reviewed the record, including Plaintiff's medical records, Plaintiff's testimony, and the testimony of a vocational expert. Upon considering the medical records and opinions, the ALJ determined Plaintiff engaged in substantial gainful activity during the period at issue. (R. 19–21.) As a result, the ALJ concluded Plaintiff "has not met her burden of establishing that there was any continuous twelve-month period during the period in question in which she did not engage in substantial gainful activity." (R. 23.)

Plaintiff appealed, and on October 27, 2020, the Appeals Council denied Plaintiff's Request for Review and adopted the ALJ's decision as the agency's final decision. (R. 1–6.) After the hearing, the Appeals Council added three additional exhibits to the administrative record at the request of Plaintiff. (R. 5.) Plaintiff now seeks judicial review pursuant to 45 U.S.C. § 405(g) of the SSA's denial of benefits (Doc. 1) and also seeks to further supplement the administrative record (Doc. 21).

I. DISCUSSION

A. Motion for Records

Plaintiff moved to supplement the administrative record to incorporate medical records from Core Institute, Abrazo Medical, Terros Mental Health, Empower Physical Therapy, Foothill Physical Therapy, Valle Del Sol, Simon Medical Imaging, Banner Radiology Imaging (formerly Valley Radiology), and Arizona Sleep Specialist. (Doc. 21 at 2.)

A district court may only base its judicial review of an ALJ's decision "upon the pleadings and transcript of the record." 42 U.S.C. § 405(g). In a social security case, an ALJ has an independent "duty to fully and fairly develop the record and assure that the claimant's interests are considered." *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (internal citation and quotations omitted). This duty exists even when the claimant is represented by counsel. *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983). But the ALJ's duty to develop the record is "triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) (quoting *Mayes v. Massanari*, 276 F.3d 453, 459–60

(9th Cir. 2001)). The ALJ may discharge this duty in several ways, including keeping the record open to allow a plaintiff to supplement the record. *See Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996).

Here, the record is neither ambiguous nor inadequate to allow for proper evaluation of the evidence. In fact, multiple records Plaintiff is requesting to supplement are already included in the Administrative Record, including Core Institute (R. 712–818; 819–879; at 961–1049; 1338–1347), Abrazo Medical (R. 622–646; 1050–1095; 1852–1986), Empower Physical Therapy (R. 2603–2612), Valle Del Sol (R. 598–613; 912–934, 948–960; 1114–1159; 2613–2619), and Arizona Sleep Specialists (R. 1813–1822). At the hearing, Plaintiff's attorney stated the record was complete except for a letter from a physical therapist that was subsequently admitted to the record. (R. 48–49.) Defendant contends Plaintiff had an opportunity to submit additional evidence when she requested review of the ALJ decision, but Plaintiff did not. (Doc. 23 at 3.) As a result, the ALJ based her decision on a 2,600-page administrative record where over 2,000 pages were treatment notes and medical opinions. (*See* R.; Doc. 23 at 3.) The ALJ had no obligation to further develop the record, and the record is complete for this Court to conduct its review of the ALJ's decision. *See* 42 U.S.C. § 405(g).

### B. Appeal of ALJ's Decision

The ALJ denied Plaintiff's application for disability benefits and supplemental income because she was engaged in substantial gainful activity during the twelve months preceding her application. (R. 19–21, 22.) Plaintiff challenges this determination.

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). If a claimant has engaged in substantial gainful activity since filing for benefits, then claimant cannot be found to be disabled regardless of her medical condition. 20 C.F.R. §§ 404.1520(b), 416.920(b). A claimant has

the burden to prove she has not engaged in substantial gainful activity "for a continuous period of not less than 12 months." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1194–95 (9th Cir. 2004) (citing 42 U.S.C. § 423(d)(1)(A)). The existence of earnings over the statutory minimum creates a presumption of substantial gainful employment. 20 C.F.R. §§ 404.1574(b)(2), 404.1575(b)(2); *Keyes v. Sullivan*, 894 F.2d 1053, 1056 (9th Cir. 1990). But the presumption may be rebutted if a claimant demonstrates an "inability to be self-employed or to perform the job well, without special assistance, or for only brief periods of time." *Id.*

Holding a series of jobs constitutes substantial gainful activity when they are held for a significant duration. *Tylitzki v. Shalala*, 999 F.2d 1411, 1415 (9th Cir. 1993) (finding a claiming engaged in substantial gainful activity when he could maintain a series of jobs each lasting almost a year). In contrast, a claimant is not engaged in substantial gainful activity when he or she can work full-time "but is incapable of sustaining employment for a period of longer than two months." *Gatliff v. Comm'r of Soc. Sec. Admin.*, 172 F.3d 690, 693 (9th Cir. 1999). Work activity is considered gainful when it is done for profit. 20 C.F.R. §§ 404.1572(b), 416.972(b). The SSA's guidelines establish that earning more than $1,170 per month in 2017, $1,180 per month in 2018, and $1,220 per month in 2019 is considered engaging in substantial gainful activity.[1]

The ALJ found that Plaintiff earned $18,980.51 in 2017, which exceeded the substantial gainful limit of $14,040.00 for that year. (R. 23.)  The ALJ also found Plaintiff earned more than $1,180 per month in the first and third quarters of 2018.  (*Id.*) Likewise, in 2019, the ALJ found that Plaintiff exceeded the $14,640.00 substantial gainful activity threshold by earning $15,935.58 plus additional gross receipts of $8,015.00 from her business. (*Id.*) Plaintiff concedes that she had income within the relevant time period but argues that she should not be denied benefits because she had to work to provide for her child and pay bills. (Doc. 18 at 1–2.) Though the Court is sympathetic to Plaintiff's argument, the law states that Plaintiff's income during the relevant period disqualified her

---

[1] *See* Social Security Administration, *Substantial Gainful Activity*, https://www.ssa.gov/oact/cola/sga.html (last visited April 29, 2022).

from benefits. *See Batson v. Comm'r of Soc. Sec.*, 359 F.3d 1190, 1193–94 (9th Cir. 2004). Accordingly, the Court finds that Plaintiff did not carry her burden of showing that she was not engaged in substantial gainful activity for a twelve-month period, and the Court finds the ALJ did not err in denying Plaintiff benefits because Plaintiff was engaged in substantial gainful activity during the period at issue.[2]

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED denying** Plaintiff Rhonda Stamp's Motion for Records (Doc. 21).

**IT IS FURTHER ORDERED** affirming the May 12, 2020 decision of the Administrative Law Judge (R. 15–36), as upheld by the Appeals Council on October 27, 2020 (R. 1–6).

**IT IS FINALLY ORDERED** directing the Clerk of the Court to enter judgment consistent with this Order and close this case.

Dated this 2nd day of May, 2022.

Michael T. Liburdi
United States District Judge

---

[2] This holding does not prevent Plaintiff from refiling for benefits if she now meets the substantial gainful activity criteria as set forth herein.